**FILED**

**JUN 17 2005**

NOT FOR PUBLICATION

HAROLD S. MARENUS, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-04-1331-PBS |
| MARTIN F. VRABEL, | Bk. No. 04-40559 |
| Debtor. | |
| MARTIN F. VRABEL AND SOPHIE VRABEL, | |
| Appellants, | |
| v. | MEMORANDUM[1] |
| MARTHA G. BRONITSKY, Chapter 13 Trustee; WASHINGTON MUTUAL BANK; G. JUDSON SCOTT, JR.; MICHAEL QUIRK, | |
| Appellees. | |

Argued and Submitted on
May 19, 2005 at San Jose, California

Filed - June 17, 2005

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Randall J. Newsome, Chief Bankruptcy Judge, Presiding

Before: PERRIS, BRANDT and SMITH, Bankruptcy Judges.

---

[1]    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.  See 9th Cir. BAP Rule 8013-1.

The issue in this appeal is whether the bankruptcy court erred in entering an order barring a nondebtor spouse from filing bankruptcy for 180 days after dismissal of her husband's bankruptcy case.[2]  While there was no jurisdictional defect, the nondebtor spouse was denied due process.  We therefore REVERSE and REMAND for the nondebtor spouse to be given adequate notice and opportunity to respond, if the bankruptcy court deems it appropriate to pursue a bar order against her.

FACTS

Martin F. Vrabel ("debtor") filed the chapter 13[3] petition out of which this appeal arises in February 2004.  Debtor's wife, Sophie Vrabel ("Sophie"), is not listed as a joint debtor on the bankruptcy petition.  Debtor and Sophie claim to have an ownership interest in a certain parcel of real property.  Debtor filed his bankruptcy petition to stop an imminent foreclosure.

Appellee Washington Mutual Bank ("WMB"), which holds first and second trust deeds on the property, filed motions for relief from stay.  On June 3, 2004, the court held a hearing on the motions for relief and other matters.  Appellants did not provide us with a transcript of this hearing.  However, there is no dispute that one of the issues discussed at the hearing was the possibility that

---

[2]    The order on appeal addresses other matters.  For the reasons explained below, the only issue before us in this appeal is the propriety of entry of the 180-day bar against the debtor's spouse.

[3]    Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

2

debtor and Sophie had engaged in misconduct in connection with debtor's bankruptcy case.

The bankruptcy court continued the June 3 hearing to June 17, and entered an order to show cause, stating as follows:

> Pursuant to the record established at a June 3, 2004 hearing . . ., the Court hereby orders Martin F. Vrabel to appear on June 17, 2004 . . . and show cause why [debtor's] bankruptcy case should not be dismissed, with prejudice.

After the June 17 continued hearing, the court entered an order granting WMB conditional relief from stay, disposing of several other matters, and stating as follows:

> 5. The Court's *Order to Show Cause* filed on June 4, 2004 (doc. 51) is hereby vacated. If this case is, however, subsequently dismissed for any reason, that dismissal shall be with prejudice as to the Debtor, and both the Debtor and Sophie Vrabel shall be prohibited from filing another bankruptcy case of any kind for 180 days from the date of dismissal of this case.

June 23, 2004 Order, at 2. Debtor and Sophie timely appealed.[4]

On January 21, 2005, debtor's case was dismissed for failure to make plan payments. We have entered an order limiting the issue on appeal to whether the bankruptcy court erred in imposing a 180-day bar against Sophie, because that is the sole issue raised by appellants on appeal that has not become moot as a result of the dismissal of debtor's case. We also expedited this appeal, because an order barring access to bankruptcy for 180 days is not subject to

---

[4] The notice of appeal states that only debtor "hereby appeals[.]" However, both debtor and Sophie signed the notice of appeal. Sophie also signed the opening brief on appeal, identifying herself as an appellant. We therefore conclude that Sophie is an appellant in this appeal.

3

1 review after passage of 180 days.  See In re Fernandez, 227 B.R.

2 174, 178 (9th Cir. BAP 1998).  The 180 day period expires on July

3 20, 2005.

ISSUES

5    1.  Whether the bankruptcy court had jurisdiction.

6    2.  Whether the bankruptcy court violated due process in

7 imposing a 180-day bar against Sophie.[5]

STANDARDS OF REVIEW

9    Questions of jurisdiction are reviewed de novo.  In re

10 Castlerock Properties, 781 F.2d 159, 161 (9th Cir. 1986).  Whether

11 an individual was afforded due process is a question of law, which

12 we also review de novo.  In re Niles, 106 F.3d 1456, 1459 (9th Cir.

13 1997); In re Repp, 307 B.R. 144, 148 (9th Cir. BAP 2004).

DISCUSSION

15    1.  Jurisdiction

16    An order entered without subject matter or personal

17 jurisdiction is void.  In re Pac. Land Sales, Inc., 187 B.R. 302,

18 309 (9th Cir. BAP 1995).  It is not clear whether appellants contest

19 the bankruptcy court's subject matter jurisdiction over the matter

20 at issue in this appeal (entry of a 180-day bar order against a non-

21

22

---

23    [5]  Appellants state in the "Introduction" section of their
24 opening brief that the bankruptcy court also erred in imposing a
180-day bar against debtor.  This statement is not supported by any
25 subsequent argument in appellants' appellate brief.  Therefore, we
deem it waived.  See Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th
26 Cir. 1992)(issues raised in appellate brief but not supported by
argument are deemed abandoned).

4

debtor) or personal jurisdiction over Sophie. Therefore, we will

address both subjects.

### A. Subject Matter Jurisdiction

28 U.S.C. § 1334(a) provides the federal district courts with original and exclusive jurisdiction over bankruptcy cases. The district courts have referred bankruptcy cases to the bankruptcy courts, as provided for by 28 U.S.C. § 157.[6] 1 Alan N. Resnick & Henry J. Sommer, COLLIER ON BANKRUPTCY ¶ 3.01[1] (15th ed. Rev. 2004). The bankruptcy court in this case had subject matter jurisdiction to enter the order on appeal, because the order flows from the court's exercise of jurisdiction over debtor's bankruptcy case.

The 180-day bar order entered against Sophie in this case is effectively an injunction entered by the court sua sponte pursuant to § 105(a).[7] Section 105(a) states that a bankruptcy "court may

_____

[6] "Each district court may provide that any or all cases under title 11 . . . shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

[7] Appellants argue that the court violated § 109(g) in entering the 180-day bar against Sophie, because she is not a debtor in the bankruptcy case out of which this appeal arises. Section 109 states as follows:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary
(continued...)

5

issue any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. Congress anticipated that a § 105(a) injunction would be used to enjoin nondebtors in certain circumstances. 2 Resnick & Sommer, COLLIER ON BANKRUPTCY ¶ 105.03 (15th ed. Rev. 2000). See also In re Schwinn Bicycle Co., 210 B.R. 747, 761 (Bankr. N.D. Ill. 1997)(§ 105(a) repeatedly has been held to empower a bankruptcy court to enjoin parties other than the debtor), aff'd, 217 B.R. 790 (N.D. Ill. 1997). Moreover, a court may enjoin a party on its own motion, if such action is necessary or appropriate to prevent an abuse of the bankruptcy system. See In re Graves, 279 B.R. 266, 273 (9th Cir. BAP 2002).

A bankruptcy court acting pursuant to § 105(a) has the power to prevent a continuing abuse of the bankruptcy system by multiple parties acting in concert. In re Yiman, 214 B.R. 463, 466 (Bankr. D. Md. 1997); In re Kinney, 51 B.R. 840 (Bankr. C.D. Cal. 1985). Here, the bankruptcy court found that debtor and Sophie committed fraud and engaged in other abusive conduct in connection with debtor's chapter 13 case. See Transcript of June 24, 2004 Hearing, 12:16-24. While appellants suggest that the court erred in these findings, the record provided on appeal is not sufficient to permit

---

[7](...continued)
  dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

The facts of this case indicate that the court imposed the bar order pursuant to § 105(a), not § 109(g).

6

review of that question, because appellants did not provide us with transcripts of the June 3 and 17 hearings. An appellant is obliged to provide the appellate court with a record sufficient for meaningful review. <u>United States v. Vasquez</u>, 985 F.2d 491, 495 (10th Cir. 1993). When the appellant fails to provide a complete record, we are entitled to presume that the appellant does not regard the missing portions as helpful. <u>In re McCarthy</u>, 230 B.R. 414, 417 (9th Cir. BAP 1999).

B. <u>Personal Jurisdiction</u>

A defect in personal jurisdiction is a defense that may be waived. <u>In re Pac. Land Sales, Inc.</u>, 187 B.R. 302, 309 (9th Cir. BAP 1995). Sophie submitted to the bankruptcy court's exercise of jurisdiction over her by virtue of her extensive, voluntary participation in debtor's bankruptcy case.

Sophie affirmatively invoked the jurisdiction of the bankruptcy court on several occasions. She filed multiple motions to conduct 2004 exams of individuals claiming to hold liens on the property. She also jointly filed an opposition to WMB's motions for relief from stay, requesting sanctions against WMB under Rule 9011. Sophie did not limit her appearances before the bankruptcy court in any of the pleadings she filed in the bankruptcy court. Therefore, we conclude that she consented to the bankruptcy court's exercise of adjudicatory authority over her.

In addition, Sophie responded to the bankruptcy court's order to show cause, directly addressing the subject of the court's concerns about the propriety of her and debtor's conduct in debtor's

7

bankruptcy case.  See Declaration of Sophie Vrabel in Response to Order to Show Cause and Relief from Stay.  Sophie's declaration is akin to a responsive pleading.  Sophie did not assert a lack of personal jurisdiction in her declaration, thus waiving any defect in the court's exercise of such jurisdiction.  See Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)(defect in personal jurisdiction waived by the filing of a responsive pleading that fails to contest jurisdiction), opinion amended on other grounds, 807 F.2d 1514 (9th Cir. 1986).

    2.  Due Process

Appellants argue that Sophie was denied due process when the bankruptcy court entered a 180-day bar against her.  WMB does not address appellants' due process argument in its appellate brief.

Due process requires adequate notice and an opportunity to be heard.  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); In re Colortran, Inc., 218 B.R. 507, 511 (9th Cir. BAP 1997).

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

Mullane, 339 U.S. at 314.  An order is void if entered in a manner inconsistent with due process.  In re Loloee, 241 B.R. 655, 661 (9th Cir. BAP 1999).

There is no question that, had WMB or any other third party requested entry of a bar order against Sophie, it would have had to have done so by filing an adversary complaint.  See In re Roeben,

8

294 B.R. 840, 846 (Bankr. E.D. Ark. 2003). Rule 7001(7) requires an adversary proceeding to obtain an injunction. Adversary proceedings in bankruptcy are commenced by the filing of a complaint, Rule 7003, which must be served in accordance with Rule 7004.

As we discuss above, a bankruptcy court can impose an injunction on its own motion pursuant to § 105(a). However,

> [a] bankruptcy court acting on its own motion in a matter that ordinarily requires an adversary proceeding must, in deference to principles of due process, assure that the defendant is afforded procedural protections that inhere in an adversary proceeding because the rules of procedure generally define what process is due.

In re Graves, 279 B.R. 266, 274 (9th Cir. BAP 2002).

The bankruptcy court failed to afford Sophie due process, because there is no indication that the court gave Sophie any notice whatsoever that it was considering entry of a bar order against her, much less notice approaching the quality of that required to institute an adversary proceeding in compliance with the Rules discussed above. Immediately after the June 3 hearing, the court entered the show cause order set forth above, but that order only addressed the dismissal of debtor's case. Without prior notice, Sophie did not have an adequate opportunity to address the court's concerns or object to entry of the bar order.

CONCLUSION

While there was no defect in the bankruptcy court's exercise of subject matter or personal jurisdiction, Sophie was not afforded due process when the court entered the 180-day bar order. Therefore, we REVERSE and REMAND for Sophie to be given adequate notice and

9

1 | opportunity to respond, if the bankruptcy court deems it appropriate

2 | to pursue a bar order against her.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

U.S. Bankruptcy Appellate Panel
of the Ninth Circuit
125 South Grand Avenue, Pasadena, California 91105
Appeals from Central California  (626) 229-7220
Appeals from all other Districts (626) 229-7225

NOTICE OF ENTRY OF JUDGMENT

BAP No. NC-04-1331-PBS

RE: MARTIN F. VRABEL

A separate Judgment was entered in this case on  June 17, 2005.

BILL OF COSTS:

Bankruptcy Rule 8014 provides that costs on appeal shall be taxed by the
Clerk of the Bankruptcy Court.  Cost bills should be filed with the Clerk
of the Bankruptcy Court from which the appeal was taken.
9th Cir. BAP Rule 8014-1

ISSUANCE OF THE MANDATE:

The mandate, a certified copy of the judgment sent to the Clerk of
the Bankruptcy Court from which the appeal was taken, will be issued
7 days after the expiration of the time for filing a petition for
rehearing unless such a petition is filed or the time is shortened or
enlarged by order.  See Federal Rule of Appellate Procedure 41.

APPEAL TO COURT OF APPEALS:

An appeal to the Ninth Circuit Court of Appeals is initiated by
filing a notice of appeal with the Clerk of this Panel.  The Notice
of Appeal should be accompanied by payment of the $255 filing fee
(effective November 1, 2003) and a copy of the order or decision on
appeal. Checks may be made payable to the U.S. Court of Appeals for
the Ninth Circuit.  See Federal Rules of Appellate Procedure 6 and the
corresponding Rules of the United States Court of Appeals for the Ninth
Circuit for specific time requirements.

CERTIFICATE OF MAILING
------------------------------------
       The undersigned, deputy clerk of the U.S. Bankruptcy
Appellate Panel of the Ninth Circuit, hereby certifies that a copy
of the document on which this certificate appears was mailed this date
to all parties of record to this appeal.

                         By: Patti Ippolito

                         Deputy Clerk: June 17, 2005